UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA      CASE NO. 3:25CR222(KAD)

v.      VIOLATION:

SALIM SAKAL      18 U.S.C. § 371
(Conspiracy)

INFORMATION

The United States Attorney charges:

COUNT ONE
(Conspiracy to Sell and Receive Stolen Goods)

1. At all times relevant to this Information, the defendant, SALIM SAKAL ("SAKAL"), co-owned and co-operated Ramoun Jewelry in Corona, New York.

2. Beginning no later than August 14, 2023 and continuing until at least April 18, 2024, the exact dates being unknown to the United States Attorney, in the District of Connecticut and elsewhere, the defendant, SALIM SAKAL, did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with Harold Ramirez Cagua, Elvis Guevara Quintero, Jorge Giovanni Escobar Gonzalez, Edixon Rincon Puentes, Jaime Torres Castiblanco, and Yesenia Melendez Rincon ("Co-Conspirators"), each of whom has been charged elsewhere, to commit an offense against the United States, that is, to receive, possess, conceal, store, barter, sell, and dispose of goods of a value of $5,000 or more that had crossed a state boundary after being stolen, and knowing the same to have been stolen, in violation of Title 18, United States Code, Section 2315.

Manner and Means of the Conspiracy

3. The manner and means by which SAKAL and the Co-Conspirators sought to accomplish and did accomplish the object of the conspiracy included, among others, the following:

4. It was part of the conspiracy that the Co-Conspirators stole jewelry and merchandise, including gold and diamond jewelry, by committing burglaries of jewelry stories and

kiosks around the country, after which they generally crossed state boundaries in order to bring the jewelry and merchandise to sell to SAKAL.

5. It was further part of the conspiracy that SAKAL paid the Co-Conspirators for their stolen merchandise in cash, usually at a fraction of the actual retail amount. During his participation in the conspiracy, SAKAL conducted these transactions with the Co-Conspirators when Ramoun did not have a valid second-hand dealer license required under the laws and regulations of New York City. Furthermore, in these illicit transactions with the Co-Conspirators, SAKAL did not keep or make the records required under New York City's laws and regulations, including taking the identification and identifying information of the sellers, listing and describing the items purchased, and recording the date and time of the purchase.

6. It was further part of the conspiracy that SAKAL would then sell the stolen property to third parties he knew would melt down the gold.

## Overt Acts

7. In furtherance of the conspiracy and to effect the object of the conspiracy, the following overt acts, among others, were committed by members of the conspiracy in the District of Connecticut and elsewhere:

   a. On or about August 14, 2023, one or more of the Co-Conspirators sold stolen jewelry and merchandise to SAKAL and/or other personnel at Ramoun;

   b. On or about September 20, 2023, one or more of the Co-Conspirators sold stolen jewelry and merchandise to SAKAL and/or other personnel at Ramoun;

   c. On or about October 5, 2023, one or more of the Co-Conspirators sold stolen jewelry and merchandise to SAKAL and/or other personnel at Ramoun;

   d. On or about October 17, 2023, one or more of the Co-Conspirators sold stolen jewelry and merchandise to SAKAL and/or other personnel at Ramoun;

e.  On or about October 27, 2023, one or more of the Co-Conspirators sold stolen jewelry and merchandise to SAKAL and/or other personnel at Ramoun;

f.  On or about November 4, 2023, one or more of the Co-Conspirators sold stolen jewelry and merchandise to SAKAL and/or other personnel at Ramoun; and

g.  On or about April 18, 2024, one or more of the Co-Conspirators sold stolen jewelry and merchandise to SAKAL and/or other personnel at Ramoun.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATION

8.  Upon conviction of the offense alleged in Count One, defendant SALIM SAKAL shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds traceable to the violation of Title 18, United States Code, Section 371, as well as a sum of money equal to the total amount of the proceeds obtained as a result of the offense.

9.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

All in accordance with Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461, and Rule 32.2(a), Federal Rules of Criminal Procedure.

UNITED STATES OF AMERICA

_____
DAVID X. SULLIVAN
UNITED STATES ATTORNEY


_____
DAVID T. HUANG
ASSISTANT UNITED STATES ATTORNEY