Attachment 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**
**COURT CASE NUMBER: 3:25-CR-00222 KAD; NOTICE OF FORFEITURE**

Notice is hereby given that on February 04, 2026, in the case of <u>U.S. v. Salim Sakal</u>, Court Case Number 3:25-CR-00222 KAD, the United States District Court for the District of Connecticut entered an Order condemning and forfeiting the following property to the United States of America:

> $52,875.00 U.S. Currency from 3765 Junction Blvd., Corona, NY; of which $50,690.00 was seized from inside safe, bottom left shelf; and $2,185.00 seized from on top of the safe, left side. (25-FBI-005184) which was seized from Ramoun Jewelry on July 31, 2025 at 3765 Junction Boulevard, located in Corona, NY

The United States hereby gives notice of its intent to dispose of the forfeited property in such manner as the United States Attorney General may direct.  Any person, other than the defendant(s) in this case, claiming interest in the forfeited property must file an ancillary petition within 60 days of the first date of publication (February 06, 2026) of this Notice on this official government internet web site, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(1).  The ancillary petition must be filed with the Clerk of the Court, 915 Lafayette Boulevard, Bridgeport, CT  06604, and a copy served upon Assistant United States Attorney David Huang, 915 Lafayette Boulevard, Room 319, Bridgeport, CT  06604.  The ancillary petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

Following the Court's disposition of all ancillary petitions filed, or if no such petitions are filed, following the expiration of the period specified above for the filing of such ancillary petitions, the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee.

The government may also consider granting petitions for remission or mitigation, which pardon all or part of the property from the forfeiture.  A petition must include a description of your interest in the property supported by documentation; include any facts you believe justify the return of the property; and be signed under oath, subject to the penalty of perjury, or meet the requirements of an unsworn statement under penalty of perjury.  *See* 28 U.S.C. Section 1746.  For the regulations pertaining to remission or mitigation of the forfeiture, see 28 C.F.R. Sections 9.1 - 9.9.  The criteria for remission of the forfeiture are found at 28 C.F.R. Section 9.5(a).  The criteria for mitigation of the forfeiture are found at 28 C.F.R. Section 9.5(b).  The petition for remission need not be made in any particular form and may be filed online or in writing.  You should file a petition for remission not later than 11:59 PM EST 30 days after the date of final publication of this

notice.  *See* 28 C.F.R. Section 9.3(a).  The https://www.forfeiture.gov/FilingPetition.htm website provides access to a standard petition for remission form that may be mailed and the link to file a petition for remission online.  If you cannot find the desired assets online, you must file your petition for remission in writing by sending it to Assistant United States Attorney David Huang, 915 Lafayette Boulevard, Room 319, Bridgeport, CT  06604.  This website provides answers to frequently asked questions (FAQs) about filing a petition for remission.  You may file both an ancillary petition with the court and a petition for remission or mitigation.



## Advertisement Certification Report

The Notice of Publication was available on the www.forfeiture.gov web site for at least 18 hours per day between February 6, 2026 and March 07, 2026.  Below is a summary report that identifies the uptime for each day within the publication period and reports the results of the web monitoring system's daily check that verifies that the advertisement was available each day.

U.S. v. Salim Sakal

**Court Case No:**       3:25-CR-00222 KAD
**For Asset ID(s):**      See Attached Advertisement Copy

| Consecutive Calendar Day Count | Date Advertisement Appeared on the Web Site | Total Hours Web Site was Available during Calendar Day | Verification that Advertisement existed on Web Site |
|---|---|---|---|
| 1 | 02/06/2026 | 23.9 | Verified |
| 2 | 02/07/2026 | 24.0 | Verified |
| 3 | 02/08/2026 | 23.9 | Verified |
| 4 | 02/09/2026 | 23.9 | Verified |
| 5 | 02/10/2026 | 23.9 | Verified |
| 6 | 02/11/2026 | 24.0 | Verified |
| 7 | 02/12/2026 | 23.9 | Verified |
| 8 | 02/13/2026 | 23.9 | Verified |
| 9 | 02/14/2026 | 23.9 | Verified |
| 10 | 02/15/2026 | 23.9 | Verified |
| 11 | 02/16/2026 | 24.0 | Verified |
| 12 | 02/17/2026 | 23.9 | Verified |
| 13 | 02/18/2026 | 23.9 | Verified |
| 14 | 02/19/2026 | 23.9 | Verified |
| 15 | 02/20/2026 | 23.9 | Verified |
| 16 | 02/21/2026 | 24.0 | Verified |
| 17 | 02/22/2026 | 23.8 | Verified |
| 18 | 02/23/2026 | 23.9 | Verified |
| 19 | 02/24/2026 | 23.9 | Verified |
| 20 | 02/25/2026 | 23.9 | Verified |
| 21 | 02/26/2026 | 23.9 | Verified |
| 22 | 02/27/2026 | 23.9 | Verified |
| 23 | 02/28/2026 | 23.9 | Verified |
| 24 | 03/01/2026 | 23.9 | Verified |
| 25 | 03/02/2026 | 23.9 | Verified |
| 26 | 03/03/2026 | 23.9 | Verified |
| 27 | 03/04/2026 | 23.9 | Verified |
| 28 | 03/05/2026 | 23.9 | Verified |
| 29 | 03/06/2026 | 24.0 | Verified |
| 30 | 03/07/2026 | 23.9 | Verified |

Additional log information is available and kept in the archives for 15 years after the asset has been disposed.