UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA          :

                                  :          CRIMINAL NO.: 3:25CR222 (KAD)

v.                                :

                                  :

SALIM SAKAL                       :          June 17, 2026


**DEFENSE REPLY TO GOVERNMENT'S SENTENCING MEMORANDUM**


Please accept this letter/motion as a response to the Government's sentencing memorandum.  We feel compelled to address several critical points raised therein that bear directly on the Court's consideration of an appropriate sentence.

At the outset, there are no "mysteries" to Mr. Sakal's true financial circumstances.  His 18% interest in the Jewelry Store (David's Star) was timely disclosed during his PSR interview.  During the same PSR interview, he accurately disclosed his income and expense calculations.  The Government's confusion about the $4,000.00 in tips and donation stems from the fact that when a cantor/khazan recites prayers for others in Jewish ceremonies they usually get paid in the form of gratuity because a cantor cannot officially demand payment for such services.  Therefore, it is referred to as a tip/gratuity or a donation.

Similarly, there are no "mysteries" to the true nature of Mr. Sakal's family health.  He has a non-verbal autistic child, Lior Sakal, whose medical condition was substantiated for the government and the probation department on March 31, 2026, by way of an e-mail with attachment.  Said attachment included Lior Sakal's Individual Education Report with diagnosis.

The bank J.P. bank accounts ending in 9856 and 0359 are not his bank accounts.  They are his brother's accounts where Salim Sakal is listed as the signatory guardian in the event his

brother becomes incapacitated. J.P. Chase account ending in 3158, in the name David Star, no longer exists since its funds were transferred to David Star's current operating bank account at Bank of America checking account ending in 0713 with an approximate balance of $20,000.00. J.P. Morgan Chase account ending in 1713 in the name of Shlomi Jewelry and Shoes Inc., was the prior business name for David Star Jewelry. The account is no longer operative, since all the funds have been transferred to the Bank of America checking account ending in 0713.

There are no "mysteries" to "the sincerity of his remorse." The sincerity of Mr. Sakal's remorse is genuine. The Government's argument that a defendant who was once a victim of a similar crime can never, therefore, be remorseful and contrite ignores human nature.

Moreover, one cannot compare, as the Government does, the violence and egregiousness of breaking and entering a dwelling to burglarize it with that of a store owner who purchases the items. Particularly in this case where the store is not pervasively involved in purchasing stolen items. Both crimes are serious, no doubt. But we disagree that the store owner should be punished harsher because he is in "privileged" position.

How "privileged" is Mr. Sakal's position in this case? Mr. Sakal entered this conspiracy for financial profit. Quite frankly, for his financial crime, he is getting disproportionately slaughtered financially as a result. He/the store made no more than $100,000.00 as result of his involvement in this crime. He is only one of eight individuals/stores that purchased from this crew of thieves from the same burglaries charged in this Indictment. He purchased some of the items, not all. But, since his arrest, he/David Star has lost $52,875 in cash (confiscated). He/David Star lost approximately one million in jewelry and precious metal (confiscated). He is prepared to raise more certified funds at sentencing. He is prepared to pay restitution aggressively. In terms of financial hardship and phycological pain felt by the victims in this case and the financial hardship and psychological pain felt by Mr. Sakal, the current state of events is

certainly in line with the old-fashioned remedy of an eye for an eye.  Respectfully, we ask Your

Honor to consider that a significant measure of punishment has already been imposed on Mr.

Sakal with having to suffer through this prosecution, conviction, embarrassment and having to

pay back (which he certainly will) over twenty times fold from his financial gain in this crime.

Respectfully, further punishment would serve little additional purpose and, respectfully, Mr.

Sakal has already and will continue to bear the consequences of his actions to a considerable

degree for the rest of his life.

Your Honor, notwithstanding that Defense will appear on June 22, 2026, ready for the

sentencing hearing, on that date we will respectfully be asking for an adjournment of sentencing

to resolve the restitution hearing issues raised in the Government's sentencing memorandum

about the source of the certified funds Mr. Sakal intended to bring at sentencing, his obligation to

disclose the source of the funds, his obligations to repay said funds to the lenders,  and, most

importantly for Defense, the distribution of said certified funds to certain uninsured victims in

their name.

Attached are character letters from Mr. Sakal's family and his community. We apologize

to provide these letters only a few days before sentencing.

Thank you Your Honor.

Respectfully submitted,

/s/ *Albert Y. Dayan*

Albert Y. Dayan, Esq.
Attorney at Law

cc.    AUSA David Huang