UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JUN 22 2026 PM4:20
FILED - USDC - BPT - CT

UNITED STATES OF AMERICA,

Plaintiff,

v.

SALIM SAKAL,

Defendant.

Case No. 3:25-cr-00222 (KAD)

Hon. Kari A. Dooley

**MOTION OF NON-PARTY MATTHEW RUSSELL LEE OF INNER CITY PRESS FOR LEAVE TO INTERVENE FOR THE LIMITED PURPOSE OF OPPOSING THE GOVERNMENT'S MOTION TO SEAL EXHIBITS 1-3 PURSUANT TO D. CONN. LOCAL RULE 57.1(f)**

Non-party Matthew Russell Lee, a reporter for Inner City Press, a news organization, respectfully moves pursuant to Local Rule 57.1(f) of the Local Rules of Criminal Procedure for the United States District Court for the District of Connecticut for leave to intervene in this criminal case for the limited purpose of opposing the Government's Motion to Seal Exhibits 1-3 of its Sentencing Memorandum (ECF No. 41), filed June 15, 2026.

In support of this motion, Inner City Press states as follows:

1.

Local Rule 57.1(f) expressly provides that "[a]ny non-party who seeks to oppose a motion to seal a case or document, may move for leave to intervene in a criminal case for the limited purpose of pursuing that relief." This motion is filed pursuant to that rule.

2.

Inner City Press is a New York-based news organization that has covered federal courts, organized crime prosecutions, and criminal sentencing proceedings for three decades. It has a direct and legitimate interest in public access to judicial records in the Sakal proceeding. The Second Circuit recently recognized Inner City Press's First Amendment newsgathering activities and its standing to be heard on sealing motions in federal criminal cases. Lee v. Greenwood, 145 F.4th 248, 254 (2d Cir. 2025). That decision is binding precedent in this District.

3.

The Government seeks to seal three exhibits attached to its sentencing memorandum: (1) the defendant's completed financial statement of debtor submitted to the U.S. Attorney's Office; and (2) police reports of crimes committed against Ramoun Jewelry and the defendant. Under the Second Circuit's strong presumption of public access to judicial records in criminal proceedings, sealing requires specific, on-the-record findings that a compelling interest outweighs the presumption of access, and consideration of less restrictive alternatives such as targeted redaction. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). The Government's motion does not satisfy that standard. Inner City Press's grounds for opposing the sealing motion are set forth fully in the accompanying Memorandum of Law.

4.

Intervention for the limited purpose of opposing a sealing motion is the standard vehicle for press access in this Court under Local Rule 57.1(f), causes no prejudice to any party, will not delay the sentencing proceeding, and is necessary to vindicate the First Amendment and common law right of public access to judicial records established in this Circuit.

WHEREFORE, Inner City Press respectfully requests that this Court grant leave to intervene for the limited purpose of opposing the Government's Motion to Seal Exhibits 1-3, and that the Court consider the accompanying Memorandum of Law in support of the opposition.

A Proposed Order is submitted herewith.

Respectfully submitted,

/s/ Matthew R. Lee

Matthew R. Lee

Inner City Press / Fair Finance Watch

PO Box 130222, Chinatown Station

New York, NY 10013

matthew.lee@innercitypress.com

Tel: 718-716-3540

Dated: June 16, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2026, I caused a true and correct copy of the foregoing Motion for Leave to Intervene, Memorandum of Law, and Proposed Order to be served upon the following counsel of record by electronic mail (email), the attorneys being registered ECF participants who have thereby consented to electronic service pursuant to Fed. R. Crim. P. 49(a)(3)(B) - note: Chambers already stated the letter (now memo of law) was emailed to these parties, so they have been served

David T. Huang, Assistant United States Attorney

United States Attorney's Office, District of Connecticut

david.huang@usdoj.gov

David X. Sullivan, United States Attorney

david.sullivan@usdoj.gov

Emanuel Kataev, Esq.

Counsel for Defendant Salim Sakal

emanuel@sagelegal.nyc

Albert Y. Dayan, Esq. (Pro Hac Vice)

Counsel for Defendant Salim Sakal

dayanlaw@aol.com

/s/ Matthew R. Lee

Matthew R. Lee