UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,

Plaintiff,

v.

SALIM SAKAL,

Defendant.

Case No. 3:25-cr-00222 (KAD)

Hon. Kari A. Dooley

**MEMORANDUM OF LAW OF INNER CITY PRESS IN OPPOSITION TO GOVERNMENT'S MOTION TO SEAL EXHIBITS 1-3 OF ITS SENTENCING MEMORANDUM (ECF NO. 41)**

Inner City Press respectfully submits this letter in opposition to the Government's Motion to Seal Exhibits 1-3 of its sentencing memorandum, filed June 15, 2026. The motion seeks to seal (1) the defendant's completed financial statement of debtor submitted to the U.S. Attorney's Office, and (2) police reports of crimes committed against Ramoun Jewelry and the defendant. The motion should be denied in its current form. The Second Circuit's strong presumption of public access to judicial records — reinforced by Lee v. Greenwood, 145 F.4th 248 (2d Cir. 2025), and the foundational standard of Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006) — requires the Court to make specific findings that the interest in sealing outweighs the presumption of access. The government's motion does not meet that standard.

Inner City Press has not communicated with any party to this proceeding regarding this letter.

## I. INNER CITY PRESS AND ITS INTEREST

Inner City Press is a New York-based news organization that has covered federal courts, organized crime prosecutions, and financial crimes for three decades. The

Second Circuit recently recognized Inner City Press's First Amendment newsgathering activities and its standing to be heard on sealing motions. Lee v. Greenwood, 145 F.4th 248, 254 (2d Cir. 2025). Inner City Press has an active unsealing project and regularly files in courts in this Circuit opposing overbroad sealing in criminal proceedings.

Inner City Press has followed the Sakal prosecution, which received significant public coverage upon Sakal's guilty plea on January 27, 2026. The government's own press release — issued the same day — described the case in detail, and news organizations including the Associated Press, Fox 61, and JCK Magazine published stories about Sakal's role as a Queens jeweler who conspired with a Colombian burglary ring to fence more than $4.4 million in stolen jewelry from mall-based stores and kiosks across Connecticut, Illinois, Indiana, New Jersey, Ohio, and Virginia.

## II. THE SECOND CIRCUIT STANDARD REQUIRES SPECIFIC FINDINGS — NOT CONCLUSORY ASSERTIONS

The Second Circuit has held that there is a presumption of public access to judicial documents that are filed with the court and are relevant to the performance of the judicial function. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). The strength of that presumption depends on the role the document plays in the adjudication: documents submitted in connection with sentencing proceedings — among the most significant exercises of judicial discretion in any criminal case — enjoy a strong presumption of access. Id. at 121.

To overcome the presumption, the party seeking sealing must identify specific countervailing factors and the court must make specific, on-the-record findings that sealing is justified. Id. at 120. Conclusory statements that documents contain "sensitive information" or that sealing is "appropriate" do not suffice. United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995) ("[T]he court must carefully and skeptically review sealing requests."). The court must also consider whether less restrictive alternatives — specifically, redaction — would adequately protect the identified interests. Lugosch, 435 F.3d at 120.

The government's motion does not identify specific countervailing factors with particularity. It states that the exhibits contain "the identifying information of the defendant and others, including the defendant's financial information," and that sealing is necessary "to protect this sensitive information from public dissemination." This is the kind of generic, categorical assertion that courts in this Circuit have rejected as insufficient to overcome the presumption of access. See, e.g., United States v. Cohen, 366 F. Supp. 2d 6, 7-8 (D.D.C. 2005).

## III. THE FINANCIAL STATEMENT — EXHIBIT 1

Exhibit 1 is described as Sakal's "completed financial statement of debtor submitted to the U.S. Attorney's Office." This document is centrally relevant to the Court's sentencing determination. Sakal has agreed to pay restitution of $2,471,457 jointly and severally with co-conspirators. The Court's ability to set a restitution payment schedule, assess Sakal's financial capacity, and impose appropriate conditions of supervised release all depend on an accurate picture of Sakal's financial condition. That picture is the very thing Exhibit 1 provides.

The public has a legitimate interest in understanding how federal courts assess a defendant's financial capacity in a case involving $4.4 million in total losses to small jewelry businesses across six states. Restitution is a judicial act — the Court's order directing payment to crime victims. The factual predicate for that order should be available to the public, at least in substantial part.

The appropriate remedy is targeted redaction, not wholesale sealing. Specific account numbers, routing numbers, Social Security numbers, and similar identifying financial details can be redacted. The general substance of Sakal's financial position — his assets, income, liabilities, and net worth in approximate terms — is not itself a basis for wholesale sealing. Courts in this Circuit routinely permit public access to financial disclosures in criminal proceedings with targeted redaction of the most sensitive identifiers. The government has not explained why targeted redaction would be inadequate here.

## IV. THE POLICE REPORTS — EXHIBITS 2 AND 3

Exhibits 2 and 3 are described as "police reports of crimes committed against Ramoun Jewelry and the defendant." This is a particularly telling category of sealed material. These are government records — police investigative records created by law enforcement agencies in the ordinary course of their public duties — now being attached to a federal sentencing memorandum and then sealed from public view.

The government's motion offers an unusual posture: the prosecution is sealing evidence of crimes that were committed against its own defendant. The most natural inference — consistent with standard sentencing practice — is that the defense, or the government itself for context, is submitting these police reports to provide the Court with mitigating information about crimes Sakal or his business may have suffered. Whether those crimes bear on Sakal's culpability, his cooperation, or his personal circumstances is precisely the kind of information the public has a right to evaluate when assessing the Court's sentencing decision.

Police reports are among the most public-facing law enforcement documents that exist. They are routinely obtained through state freedom of information laws, shared with crime victims, and disclosed to the press and public in the ordinary course of law enforcement. Attaching a police report to a federal sentencing memorandum does not transform it into a sealed judicial record. The presumption of access is, if anything, heightened when a document has independent public status outside the judicial proceeding.

Again, targeted redaction is the appropriate remedy. Names and addresses of non-party witnesses, specific identifying information of individual officers, and similar details can be redacted. The substance of the police reports — what crimes occurred, who was affected, and how this bears on Sakal's sentencing — should be publicly available.

Context: Inner City Press submitted the above to the assigned District Judge as it has in many other cases and Districts - but got this:

---------- Forwarded message ----------
From: **Anastasia Lacina**
Date: Tue, Jun 16, 2026 at 3:30 PM
Subject: RE: Press Opposition to sealing in USA v SAKAL, 3:25-cr-00222 (KAD), please let me know if anything else is required, thanks for your time
To: matthew.lee@innercitypress.com
Cc: dayanlaw@aol.com <dayanlaw@aol.com>, emanuel@sagelegal.nyc <emanuel@sagelegal.nyc>, Huang, David (USACT) <david.huang@usdoj.gov>

Mr. Lee,

Under the District of Connecticut's Local Rule 57.1(f), "[a]ny non-party who seeks to oppose a motion to seal a case or document, may move for leave to intervene in a criminal case for the limited purpose of pursuing that relief."

We would therefore direct you to District Court's website for instructions on how to docket a motion. Further, if you have any questions, you may contact the Clerk's Office at the Bridgeport courthouse at 203-579-5861. Please do not send email directly to Judge Dooley's chambers.

Please also note that all counsel of record in the *Sakal* case are copied on this email and have therefore been provided a copy of your email to chambers.

Hence, this motion and memo of law.

## V. RELIEF REQUESTED

Inner City Press respectfully requests that the Court:

1. Deny the government's motion to seal Exhibits 1-3 in their entirety;

2. In the alternative, direct the government to file within 14 days a revised public version of Exhibits 1-3 with targeted redactions limited to: (a) specific financial account numbers, Social Security or tax identification numbers, and other narrow identifiers in Exhibit 1; and (b) specific names and addresses of non-party witnesses and officers in Exhibits 2 and 3, while leaving publicly accessible the general substance of all three exhibits;

3. Make specific, on-the-record findings under the Lugosch standard as to which specific portions of each exhibit, if any, justify sealing based on a particularized showing of harm that outweighs the presumption of public access; and

4. Docket this letter and any order thereon in the public docket of this proceeding.

Respectfully submitted,

/s/ Matthew Russell Lee

Matthew R. Lee

Inner City Press / Fair Finance Watch

PO Box 130222, Chinatown Station

New York, NY 10013

matthew.lee@innercitypress.com

Tel: 718-716-3540

www.InnerCityPress.com

Dated: June 17, 2026