UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 3:25CR222 (KAD) |
| | : | |
| v. | : | July 8, 2026 |
| | : | |
| SALIM SAKAL | : | |

**GOVERNMENT'S RESPONSE TO PROPOSED INTERVENOR'S MOTION**

In response to the Court's order, *see* Doc. No. 55, the government hereby responds to the

Motion of Non-Party Inner City Press for Leave to Intervene. *See* Doc. No. 54. To the extent the

motion seeks to intervene pursuant to Local Rule 57.1(f), the government does not object. With

respect to proposed intervenor's opposition to the government's motion to seal its sentencing

exhibits, and notwithstanding the proposed intervenor's repeated public statements criticizing

this Court in its online publication, *see* Exhibits 1-4, the government has filed under seal for the

Court's examination redacted versions of Exhibits 1 through 3 of its sentencing memorandum.

The redactions consist of the full social security numbers, bank account numbers, personal

telephone numbers, and identifying information of non-party witnesses, with which the proposed

intervenor appears to take no issue. *See* Doc. No. 54-1 at 3 ("Specific account numbers, routing

numbers, Social Security numbers, and similar identifying financial details can be redacted."); *id.*

at 4 ("Names and addresses of non-party witnesses, specific identifying information of individual

officers, and similar details can be redacted.").

As for specific account balances, expenditures, and other personal information usually

held in confidence (such as whether a person has a will or is a beneficiary of a trust), the

government submits that a defendant does not surrender his privacy interests upon being charged

1

or even convicted; nor does the First Amendment mandate unfettered access to any information considered by a judicial officer. Indeed, the Second Circuit explained in *United States v. Greenwood*, 145 F.4th 248 (2d Cir. 2025), that "[h]igher values that may justify redactions include the privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure, as well as *financial records*, family affairs, illnesses, and embarrassing conduct with no public ramifications." *Id.* at 256 (cleaned up; emphasis added). The narrowly tailored redactions are particularly appropriate in this case, where the amount of restitution and even the proposed monthly restitution amount are not in dispute between the parties. Indeed, the issue of Sakal's ability to pay—while raised by the government in its sentencing memorandum and referenced at sentencing—was not directly addressed by the Court at sentencing. The redacted documents thus balance the proposed intervenor and public's interests with Sakal's and other third parties' privacy interests.

<div style="margin-left: 40%;">

Respectfully submitted,

DAVID X. SULLIVAN
UNITED STATES ATTORNEY

  /s/ David T. Huang
DAVID T. HUANG
ASSISTANT U.S. ATTORNEY
Federal Bar No. ct30434
157 Church Street, 25th Floor
New Haven, CT 06510
Tel.: (203) 821-3700
Fax: (203) 773-5378

</div>