7/7/26, 10:31 AM
For Sealed Exhibits in Jewel Fencing Case Sentencing Yet to Be Docketed in District of Connecticut Nor June 17 Motion to Unseal |…

Case 3:25-cr-00222-KAD    Document 56-3    Filed 07/08/26    Page 1 of 3

# Inner City Press

*Investigative Reporting from the SDNY Court, the United Nations, Federal Reserve, IMF and beyond*



In Other Media — Fortune 2023, CJR, NY Mag, AJE, CSM • Contact us • These reports are usually available through Google News and Lexis-Nexis

Tweet on X     Follow @innercitypress        Home        **CONTRIBUTE**

| Home |
|---|
| Tweet on X |
| Follow on X |
| **COVERAGE** |
| SDNY |
| United Nations |
| Community |
| Reinvestment |
| Bank Beat |
| Freedom of Information |
| **SUPPORT** |
| Patreon |
| Substack |
| Books |
| Contribute |
| **MORE** |
| Blogger |
| RSS |
| YouTube |
| @FUNCA_info |
| Contact Us |

## For Sealed Exhibits in Jewel Fencing Case Sentencing Yet to Be Docketed in District of Connecticut Nor June 17 Motion to Unseal

*by Matthew Russell Lee,* **Patreon** **Book** **Substack**

FEDERAL COURT / BRIDGEPORT, June 22 — Federal courts are supposed to be public; there is case law about the public's right to access courtroom and documents. But some Districts, some Judges, throw up hurdles which undermine the right of access.

When Inner City Press submitted a letter to Judge Kari A. Dooley of the United States District Court for the District of Connecticut opposing the government's motion to seal sentencing exhibits in United States v. Sakal, No. 3:25-cr-00222 (KAD), the response from chambers was swift and revealing: under Local Rule 57.1(f), a non-party wishing to oppose sealing in a criminal case must file a formal motion for leave to intervene. A letter is not enough.

  Inner City Press neither seeks to intervene nor will pay for counsel to file such a motion - it only wants Second Circuit court openness law to be applied in the District of Connecticut which is part of the Second Circuit.

Judge Dooley's law clerk wrote on June 15: "Under the District of Connecticut's Local Rule 57.1(f), any non-party who seeks to oppose a motion to seal a case or document, may move for leave to intervene in a criminal case for the limited purpose of pursuing that relief."

  While seeming a needless - or intentional - runaround, Inner City Press on June 17 ran around and served a motion on the Clerk of Court and again by email to the US Attorney's Office and both defense counsel (none of the four deigned to e-confirm receipt - must be a Connecticut thing, though one of the defense lawyers is from New York).  Inner City Press attached a copy of the email from law clerk Anastasia Lacina as explanation.

We note the Dictrict's Rule 5(e)  6. "Any party may oppose a motion to seal or may move to unseal a case or document subject to a sealing order. Any non-party who either seeks to oppose a motion to seal or seeks to unseal a case or document subject to a sealing order, may move for leave to intervene in a civil action for the limited purpose of pursuing that relief. Motions for leave to intervene for purposes of opposing sealing, objections to motions to seal, and motions to unseal shall be decided expeditiously by the Court."  Expeditiously...

  All counsel of record in the Sakal case were copied on the email — meaning Inner City Press' unsealing letter had, at that point, already been transmitted to the defense and the government, even if not yet formally docketed.

Inner City Press is familiar with the intervention procedure in many federal district courts. It is not, however, what courts in the same Second Circuit require. In the Southern District of New York — where Lee v. Greenwood, 145 F.4th 248 (2d Cir. 2025) was decided, recognizing the First Amendment right of non-party media organizations to be heard on sealing motions — Inner City Press sends a letter to chambers, and it is docketed and the parties given time to respond.

The same is true in the District of Massachusetts, where ICP's letter opposing sealing in UMG Recordings v. Suno was docketed as Docket 233 without any formal motion to intervene being required. In the District of Maryland, Judge Matthew J. Maddox recently docketed ICP's letter opposing wholesale sealing of a sentencing memorandum the same day it was received. In the District of Colorado, Local Rule 7.2(d) expressly invites "any interested party" to file a response to a restriction motion — no intervention motion required. Inner City Press has a Zoom hearing there on June 24 on an application to unseal.

The District of Connecticut's Local Rule 57.1(f) is different. It requires a formal motion for leave to intervene. That motion must be docketed — which for a non-attorney means appearing at the Clerk's Office in Bridgeport or navigating the court's CM/ECF system, which requires special authorization. The motion must then be briefed and opposed, and the court must rule on the intervention question before even reaching the sealing question. The practical consequence is a meaningful procedural barrier that does not exist in other courts in the same circuit.

Lee v. Greenwood is binding precedent in the District of Connecticut — the Second Circuit governs both SDNY and CTD. The First Amendment right recognized in that case, including Inner City Press's right to be heard on sealing motions, applies with equal force in Bridgeport as in Manhattan. But the procedural path to exercising that right is substantially longer and more burdensome in Bridgeport. The underlying case illustrates why this matters.

Salim Sakal, 55, a Brooklyn jeweler who pleaded guilty to conspiring with a Colombian burglary ring to fence more than $4.4 million in stolen jewelry from mall-based kiosks in six states, is scheduled for sentencing before Judge Dooley. The government moved to seal three sentencing exhibits: Sakal's financial statement submitted to the US Attorney's Office, and police reports of crimes committed against Sakal and his jewelry business. Those police reports — government documents describing crimes against the defendant — are among the most public-facing law enforcement records that exist. That they are being sealed in a sentencing proceeding, and that the procedure to oppose that sealing requires more steps in Connecticut than in any neighboring federal district, is a major problem.

Watch this site.

Update 1: On June 22, 2026, the US Attorney's Office notified Inner City Press by email — copying Judge Dooley's chambers and defense counsel — that the Court would take no action on any motion until it is docketed, and reminded Inner City Press how to do so. Inner City Press replied the same day that it had mailed the motion package to the Clerk of Court on June 20, that USPS delivery had been attempted and would be re-attempted that day, and that a tracking screenshot was attached.

7/7/26, 10:31 AM

Case 3:25-cr-00222-KAD    Document 56-3    Filed 07/08/26    Page 3 of 3

On Sealed Exhibits in Lowell Kenzing Case Sentencing Yet to Be Docketed in District of Connecticut, No June 7 Motion to Unseal |…

The exchange illustrates the barrier precisely. Inner City Press cannot use the District of Connecticut's CM/ECF electronic filing system — because non-party news organizations do not receive ECF filing privileges without retained (paid) local counsel. That means the only way to docket a motion challenging a sealing order in the District of Connecticut is to mail paper to Bridgeport and wait for a postal carrier. . In the District of Massachusetts, a letter got docketed as ECF No. 233 in the Suno case the same day it was filed. In the District of Maryland, Judge Maddox docketed Inner City Press's letter the day it arrived. In the District of Connecticut, the motion is waiting for USPS re-delivery to a Clerk's Office, mailed four days ago. The sentencing of Salim Sakal proceeded, with judgment not yet docketed. The motion challenging the sealed exhibits has not yet been docketed. The public's right of access under Lee v. Greenwood is being held at the post office.

UPDATE 2 - Salim Sakal was sentenced by Judge Dooley on June 22, 2026 — then the US Attorney's office notified Inner City Press that the Court would take no action until the motion was docketed. The sentencing hearing lasted one hour and twenty-five minutes. An exhibit list was filed. The government's oral motion for acceptance of responsibility was granted. An Arabic interpreter was present. The sealed financial statement and police reports that Inner City Press sought to unseal were part of the record on which Judge Dooley sentenced Sakal. Inner City Press's motion package was in the mail. The public's right to understand the factual basis for the sentence expired with the hearing. The motion is still waiting for USPS re-delivery in Bridgeport.

*More on X for Subscribers [here](#) and Substack [here](#)*

Your support means a lot. As little as $5 a month helps keep us going and grants you access to exclusive bonus material on our Patreon page. Click here to become a patron.

Feedback: Editorial [at] innercitypress.com  •  Mail: Box 130222, Chinatown Station, NY NY 10013  •  Reporter's mobile (and weekends): 718-716-3540
Other, earlier Inner City Press articles are listed here, and some are available in the ProQuest service, and now on Lexis-Nexis.
Copyright 2006-2026 Inner City Press, Inc. To request reprint or other permission, e-contact Editorial [at] innercitypress.com

Inner City Press • @innercitypress • Patreon • Substack • Contact